UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      Criminal Case No. 19-20224

v.

                                      Hon. Nancy G. Edmunds

RICHARD WHITTINGHAM,

    Defendant.

---

### ORDER GRANTING THE GOVERNMENT'S MOTION [66] AND ADVISING DEFENDANT OF ATTORNEY-CLIENT PRIVILEGE WAIVER

Defendant Richard Whittingham has moved to vacate, set aside, or correct his sentence in this matter under 28 U.S.C. § 2255. (ECF Nos. 58, 63.) In his motion, Defendant brings an ineffective assistance of counsel claim, alleging in part that his former counsel was ineffective because he did not inform Defendant of the consequences of a guilty plea and did not challenge the government's evidence. The government now moves for an order finding a waiver of attorney-client privilege. (ECF No. 66.) The government indicates that it sought concurrence from Defendant's current counsel and concurrence was granted. (*Id.* at PageID.400.)

The attorney-client privilege "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *see also Mason v. Mitchell*, 293 F. Supp. 2d 819, 823 (N.D. Ohio 2003) ("a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation") (citations omitted). The privilege is waived when a defendant's pleading "places at issue the subject matter of a privileged communication in such a way that the party holding the privilege

will be forced to draw upon the privileged material at trial in order to prevail." *Lott*, 424 F.3d at 453 (internal quotation marks and citation omitted).

Based on his allegations, Defendant has implicitly waived the attorney/client privilege with respect to the communications between himself and his attorney related to the subject matter set forth in the § 2255 petition. Consequently, the Court is permitted to narrowly waive the attorney-client privilege so that the government can conduct an interview of defense counsel and obtain any necessary information.

For the foregoing reasons, the government's motion is GRANTED. **Unless Defendant withdraws his ineffective assistance of counsel claim within thirty days of the date of this order**, the Court finds that Defendant has waived the attorney-client privilege between himself and his defense counsel to the extent necessary to litigate the claim raised in his motion.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 30, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager