UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

RICHARD WHITTINGHAM,

    Defendant-Petitioner.

Case No. 19-CR-20224

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [58]**

Defendant-Petitioner Richard Whittingham moves the Court, through counsel, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF Nos. 58, 63.) The government opposes the motion. (ECF No. 69.) Defendant has filed a reply. (ECF No. 70.) For the reasons below, the Court DENIES Defendant's § 2255 motion.

**I.    Background**

On April 16, 2019, Defendant was indicted in this district on three counts: 1) possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); 2) being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1); and 3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 14.) Counts 1, 2, and 3 in the original indictment had maximum penalties of 30 years, 10 years, and life in prison, respectively. (ECF No. 17.) On February 26, 2020, Defendant was charged in a first superseding information with the same crimes accompanied by a list of predicate convictions. This triggered application of the Armed

1

Career Criminal Act. (ECF No. 26.) As a result, penalties for Counts 2 and 3 were adjusted to a mandatory minimum of 15 years and up to life in prison and a mandatory minimum of 5 years and up to life in prison, respectively. (ECF No. 28.) Defendant acknowledged his understanding of these alleviated penalties. (*Id.* at PageID.63.) On February 16, 2022, Defendant pled guilty to Counts 1 and 3 in exchange for the government's agreement to dismiss Count 2 in the superseding information pursuant to a Rule 11 plea agreement. (ECF No. 45.)

In the plea agreement, Defendant acknowledged maximum potential sentences of 20 years and life in prison for Counts 1 and 3, respectively. The agreement confirmed in writing Defendant's understanding of the 5-year mandatory minimum sentence on Count 3. The agreement further confirmed Defendant's understanding that his sentence of imprisonment on Count 3 must run consecutively to that on Count 1. (*Id.* at PageID.191.) The agreement also expressed the parties' view that Defendant's sentence may not exceed 192 months and may not fall below 144 months. According to the agreement's terms, the government could have withdrawn from the agreement if the Court had sentenced below this range, and Defendant could have withdrawn if the Court had sentenced above it. The agreement specified that the "only reason" Defendant could withdraw his plea was in the case that the Court imposed a sentence exceeding 192 months. (*Id.* at PageID.199-200.)

The parties appeared before the Court for a plea hearing on February 16, 2022. (ECF No. 68.) At the hearing, the prosecutor stated on the record that the parties agreed that the sentence would fall between 144 to 192 months. (*Id.* at PageID.411.) In colloquy with the Court, Defendant said that he was satisfied with his then-trial counsel's advice

2

and legal services. (*Id.* at PageID.414.) Further, Defendant confirmed that he signed the plea agreement, and that the agreement was the basis on which he was pleading guilty. Defendant then proceeded to plead guilty to Counts 1 and 3, consistent with the agreement. (*Id.* at PageID.420.) Defendant told the Court his plea was not the result of any promises or assurances. Lastly, Defendant confirmed that he agreed with the terms of the Rule 11 agreement as stated on the record. (*Id.* at PageID.421.) The Court accepted the plea. (*Id.* at PageID.424.) At sentencing, the Court imposed a term of imprisonment of 84 months for Count 1 and 60 months for Count 3, to run consecutive, for a total of 144 months. (ECF No. 53.) Defendant now brings this motion pursuant to § 2255.

## II.     Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quotation marks and citation omitted); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.    Analysis

Defendant argues he received ineffective assistance of counsel. A defendant has a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish an ineffective assistance of counsel claim, the defendant

must prove both that 1) "counsel's performance was deficient" and 2) "the deficient performance prejudiced the defense." *Id.* The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," and the second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

"[T]here is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). Because the defendant must overcome the presumption that the challenged action may be considered sound strategy, *Strickland*, 466 U.S. at 689, "[a] reviewing court must give a highly deferential scrutiny to counsel's performance," *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The defendant bears the burden of proving both prongs of the analysis. *Id.* at 687.

Defendant first argues that Counsel's erroneous pre-plea advice resulted in an involuntary and unintelligent guilty plea. (ECF No. 63, PageID.385.) In support of this claim, Defendant has submitted a declaration stating that Counsel misled him by informing him that a guilty plea would result in a sentence of five years for Count 3 and

4

probation for Count 1. (ECF No. 63-1.) The declaration further alleges that Counsel informed him his sentence would run concurrent and not consecutive. *Id.*

Additionally, Defendant alleges that when he expressed his desire to go to trial, Counsel refused and told him to get another attorney. (ECF No. 63-1.) Defendant avers that he would not have pled guilty without Counsel's assurances and errors (ECF No. 63, PageID.386.)

Defendant further alleges that Counsel failed to challenge evidence on two occasions. First, Defendant declares that he informed Counsel that statements he made to the police were not voluntary and that Counsel failed to file a motion to suppress. (ECF No. 63-1.) Second, Defendant states that he did not possess a firearm during any drug transaction and that the government could not prove his knowledge of any guns found at the residence but Counsel, again, failed to file a motion to suppress. (*Id.*) In both instances, Defendant alleges the Court would have more than likely ordered an evidentiary hearing and facts gathered would have given Defendant the probability of a more favorable outcome. (ECF No. 63, PageID.385-86.)

Finally, Defendant alleges that Counsel did not argue for probation at sentencing as he promised him. (ECF No. 63-1.) Defendant avers there is a reasonable probability that raising this argument would have resulted in a shorter sentence. (ECF No. 58, PageID.353.)

First, the Court addresses Defendant's allegation that Counsel did not request a sentence of probation. Defendant received a sentence of 144 months, the minimum sentence under the plea agreement. A shorter sentence would have enabled the government to withdraw from the plea agreement. (ECF No. 68, PageID.411.) Had the

5

parties gone to trial, Defendant would have risked a significantly longer sentence. Thus, Defendant cannot establish prejudice on this basis.

Additionally, Defendant fails to meet his burden of proof regarding his allegations that Counsel failed to challenge certain evidence. Regarding evidence of his statements to the police, Defendant simply says they were "not voluntary," with no additional support. (ECF No. 63-1.) "[U]nsupported and conclusory averments are insufficient to sustain his burden of establishing a violation of his sixth amendment right to effective assistance of counsel." *See Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). Regarding evidence of his firearm possession, Defendant merely claims that he did not possess the firearm during any transaction. (ECF No. 63-1.) "[E]vidence should be suppressed 'only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.'" *Illinois v. Krull*, 480 U.S. 340, 348-49 (1987) (quoting *United States v. Peltier*, 422 U.S. 531, 542 (1975)). Defendant does not allege a constitutional violation and, therefore, there was no basis for the suppression of evidence. Counsel was not deficient for failing to file a motion that lacks merit.

Further, Defendant's claims that Counsel failed to explain the terms of the plea agreement contradict his dialogue with the Court. As a general matter, a defendant may satisfy the prejudice prong of *Strickland* if he shows there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985). However, a proper plea colloquy cures any prejudice stemming from a defense counsel's inaccurate statements about a plea agreement. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *Warner v. United*

*States*, 975 F.2d 1207, 1214 (6th Cir. 1992). Here, the Court confirmed that Defendant agreed with the terms of the Rule 11 agreement, which noted the agreed-upon sentence of 144 to 192 months. (ECF No. 68, PageID.420.) The Court also asked Defendant if he was pleading guilty because of any other promise or assurance made to him. He confirmed that nobody had made such a promise or assurance. (*Id.* at PageID.421); *see Warner*, 975 F.2d at 1212 (noting that where the district court has followed the required Rule 11 procedure, "the defendant is bound by his statements in response to the court's inquiry") (internal quotation marks and citation omitted). Thus, even if Counsel had provided erroneous pre-plea advice, Defendant cannot establish that the advice prejudiced his defense.

Defendant's claim that his plea was involuntary is similarly cured by the proper plea colloquy. During the hearing, Defendant said that he was satisfied with Counsel's advice and legal services. (ECF No. 68, PageID.414.) An evidentiary hearing is unnecessary where the record clearly contradicts Defendant's claim. *See Baker v. United States*, 781 F.2d 85, 92 (1986). Further, Defendant's claim that he felt pressured to plead guilty because he could not afford an attorney is unpersuasive. He could have asked his attorney to withdraw and sought new counsel. However, he failed to do so. Defendant is therefore not entitled to relief on his ineffective assistance of counsel claims.

### IV.     Request for Evidentiary Hearing

Defendant requests the Court hold an evidentiary hearing in connection with his ineffective assistance of counsel claims. After reviewing the briefs and materials submitted by the parties and the entire record in this case, the Court finds an evidentiary hearing is not needed because "the record conclusively shows that the petitioner is

7

entitled to no relief." See *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citation omitted).

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

Because Defendant has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

## IV. Conclusion

Based upon the foregoing, IT IS ORDERED that Defendant's motion for post-conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: June 24, 2024

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2024, by electronic and/or ordinary mail.

<u>s/Marlena A. Williams</u>
Case Manager